UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTOPHER SCHMITT, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. 4:16 CV 389 CDP |
| CINDY GRIFFITH, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the petition of Christopher Schmitt for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because his petition is untimely, petitioner's habeas petition will be denied.

## Procedural Background

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. Petitioner entered an open plea of guilty to four counts of first-degree statutory sodomy in St. Charles County Circuit Court and was sentenced to four concurrent twenty-five year sentences on September 16, 2009. (Resp. Ex. B).

Petitioner did not appeal his conviction and sentence. However, he timely filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on March 15, 2010, and later an amended motion with the

assistance of counsel. (Resp. Ex. C). The motion court denied relief on December 1, 2010, and petitioner appealed. The Missouri Court of Appeals affirmed the denial of post-conviction relief on November 8, 2011. (Resp. Ex. F). The mandate issued on December 1, 2011. (Resp. Ex. G).

Petitioner filed his federal habeas corpus petition on March 21, 2016, asserting the following grounds for relief:

(1) His guilty plea was involuntary because he was denied medication for his mental illness at the time of the plea;

(2) His guilty plea was involuntary, unknowing, and unintelligent because he pleaded guilty without knowing the added consequence of lifetime supervision; and

(3) He was denied effective assistance of counsel because trial counsel:

   a. failed to investigate and present evidence of his mental illness prior to his guilty plea;

   b. failed to advise of his lifetime supervision requirement prior to his entering a plea of guilty; and

   c. failed to object to prejudicial soundbites that were played at his sentencing hearing.

## Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1)(A). "The limitation period shall run from . . . the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* The statute of limitations is tolled, however, while "a properly filed application for State post-conviction . . . review. . . is pending." 28 U.S.C. § 2244(d)(2). Absent tolling, failure to file within that one-year window requires the Court to dismiss the petition. 28 U.S.C. § 2244(d)(1)(A).

Here, petitioner was sentenced on September 16, 2009. On September 28, 2009, his conviction became final, *see* Mo. Sup. Ct. R. 30.01(a) & 81.04(a), and petitioner then had one year to file his federal habeas petition. Because petitioner filed a timely motion for state post-conviction relief, the limitations period was tolled while the motion was pending before the state courts (from March 15, 2010 until December 1, 2011). However, the limitations period was not tolled between September 28, 2009 and the filing of his Rule 24.035 motion (168 days). *See Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002). Petitioner therefore had until June 15, 2012 to file his § 2254 habeas petition.[1] As petitioner did not file his § 2554 petition until March 21, 2016, it is untimely and must be dismissed absent equitable tolling.

---

[1] Although petitioner filed a state habeas petition, that petition did not toll the statute of limitations as the state petition was not filed until January 16, 2015, well after the one-year limitations period had expired. *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

3

AEDPA's one-year statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005). "Equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

Petitioner argues that his mental illness prevented him from timely filing his habeas petition. A petitioner's mental impairment may constitute an extraordinary circumstance which tolls the statute of limitations if it is of sufficient "degree and duration." *Nichols v. Dormire*, 11 Fed. App'x 633, 634 (8th Cir. 2001).

Petitioner has failed to meet the threshold requirement necessary to show that he was prevented from filing his federal habeas petition from December 1, 2011, through June 15, 2012, because of his mental impairment. Here, petitioner has not submitted any evidence to show that he had a mental impairment of sufficient degree and duration to toll the statute of limitations. Petitioner's mental impairment did not prevent him from timely pursuing post-conviction relief in state court during the one-year limitations period. In fact, petitioner admitted in his Rule 24.035 motion that his mental impairment was being adequately treated and

controlled with medication during the limitations period. In his Rule 24.035 motion filed in March of 2010, petitioner stated under oath: "I have been diagnosed with Bipolar Disorder since about the age of 14. My condition is responsive to treatment by prescription medications. I am receiving these medications now." (Resp. Ex. C at 40). Although petitioner includes some medical records with his petition, none of them contradict petitioner's sworn statement or otherwise indicate that his mental illness prevented him from timely filing in federal court during the relevant time period. These records, dated eight years before petitioner pled guilty, show a childhood diagnosis of depression from 2001, which is too remote in time to demonstrate that petitioner was unable to comply with AEDPA's filing deadline in 2012. Petitioner also submits a record which shows that he was seen by a prison psychiatrist in 2015. Yet the mere diagnosis of a mental impairment is insufficient to toll the statute of limitations, *see Nichols,* 11 Fed. App'x at 634, and this medical record does not demonstrate that petitioner's impairment was not adequately controlled with mediation or of such duration and severity that he could not comply with AEDPA's filing deadlines. Under these circumstances, petitioner has not demonstrated that his mental impairment prevented him from timely filing a federal habeas corpus petition. As such, petitioner is not entitled to equitable tolling of the statute of limitations, and his petition must be dismissed as untimely.

As petitioner has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition of Christopher Schmitt for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2018.